17  41
33   9

## Board of County Commissioners of Delta County v. Board of County Commissioners of Gunnison County.

1. Creation of New Counties.—Except as forbidden by some express or implied constitutional inhibition, the legislature may upon creating a new county provide such regulations touching the liabilities and assets of the county from which it is carved as legislative wisdom shall dictate.

2. Pro Rata Apportionment of Indebtedness.—A statute directing the *pro rata* apportionment of the indebtedness of the old county in accordance with the ratio of the taxable property in the new county to that in the old is in accord with a constitutional mandate.

3. Power of Court of Equity to correct Mistakes of Fact.—A court of equity undoubtedly possesses the power to correct mutual material mistakes of fact in the settlement of accounts where the law furnishes no adequate remedy.

4. When Courts of Equity decline to interfere. — Where parties, there being no bad faith on either side, knowingly predicate a settlement upon uncertain or contingent matters or circumstances, and are mistaken in one or more of the assumed facts or circumstances, courts of equity decline to interfere.

5. Taxation of Personal Property. — In this state all personal property, not exempt from taxation, is to be assessed in the county where it is found on the first day of May of the current year.

6. Apportioning Indebtedness between Counties — Mistake. — When two boards of county commissioners acting conjointly, undertake to determine the exact indebtedness to be apportioned between their respective counties, and in good faith believe they have arrived at the correct amount, but by mutual mistake have reached a grossly excessive figure, and the county profiting by the mistake refuses to correct the same, equity may interfere on request of the county injured.

7. When Mistakes as to Legal Rights may be relieved.—Sometimes mistakes with reference to the antecedent private legal rights of one party to a transaction, (the legal scope and operation of the specific transaction being understood by both parties,) are regarded in equity as analogous to mistakes of fact and accordingly relieved against.

8. Equitable Jurisdiction in Adjustment of Accounts.—The set-

ting aside of a settlement and readjustment of accounts are matters peculiarly within the province of equity jurisdiction.

.*Error to District Court of Gunnison County.*

Mr. J. Warner Mills and Mr. A. E. Ambary, for plaintiff in error.

Mr. D. T. Sapp, for defendant in error.

Chief Justice Helm delivered the opinion of the court.

In 1883 the legislature carved the new county of Delta from territory theretofore embraced within the county of Gunnison. The statute provided, among other things, " that the present indebtedness of the county of Gunnison shall be apportioned between the county of Gunnison and county of Delta in proportion to the ratio which the taxable property in that portion of the county of Gunnison which is now included within the boundaries of Delta county bears to the taxable property of the county of Gunnison as shown by the assessment rolls for the year of 1882." The law lodged in the hands of the boards of county commissioners of the two counties, acting conjointly, power to adjust all matters of revenue necessarily growing out of the formation of the new county. The same joint body was also authorized to apportion the existing indebtedness of Gunnison in accordance with the section above cited.

The boards of county commissioners met as directed and apportioned the indebtedness, endeavoring to follow the statutory injunction on the subject. They found the aggregate amount due from Delta upon this indebtedness to be $11,329.37. For the sum thus determined Delta issued to Gunnison its warrant and Gunnison used and appropriated the same. In 1888 upon discovery of the matters hereinafter referred to, Delta made demand upon Gunnison for a readjustment of the account and repayment of an alleged excess or overplus in the settlement. This demand was peremptorily refused.

Thereupon, Delta instituted the present suit. The complaint avers mutual mistake on the part of the boards of county commissioners in the original accounting and settlement. This mutual mistake, it is alleged, exists in three particulars, viz.: *First*, in respect to the boundaries of the new county. By which error certain territory including taxable property valued at $25,000 was erroneously regarded as a part of Delta. *Second*, in not excluding from the assessment of Gunnison for 1882 certain grading outfits belonging to the Denver & Rio Grande Railway Company temporarily employed within the county. *Third*, in a misapprehension or miscalculation whereby the aggregate indebtedness of Gunnison county was found to be $200,000 greater than it actually was.

To the complaint a general demurrer was filed and sustained. Judgment being entered for defendant in pursuance of this ruling, plaintiff brings the same here for review.

Except as forbidden by some express or implied constitutional inhibition, the legislature may upon creating a new county provide such regulations touching the liabilities and assets of the county from which it is carved as legislative wisdom shall dictate. But the provisions of the statute under consideration touching the apportionment of existing indebtedness are in direct accordance with a constitutional mandate, and we are not asked in the present case to consider any objection based upon constitutional grounds.

A court of equity undoubtedly possesses the power to correct mutual material mistakes of fact in the settlement of accounts where the law furnishes no adequate remedy. 2 Pomeroy's Eq. Jurisp., secs. 852–3. Without disputing the correctness of this legal proposition, counsel for defendant in error through his demurrer asserts that the complaint does not sufficiently allege a mutual mistake in either of the three particulars above specified. Our determination of the present review depends, therefore, upon the sufficiency of the pleading in this regard.

*First.* As regards the boundaries. The statute designates

generally, with reference to correction. lines and natural objects, the boundaries of the new county, but makes no provision for the running of a survey to accurately determine the exact lines of division.  This duty whenever it became a material question devolved, under powers conferred by general law, upon the boards of county commissioners of the two counties.  According to the complaint, these boards at the time of the settlement were fully aware of the fact that they did not know the precise location of the boundary lines ; the averment is that " acting upon unofficial information they *assumed* " the territory of Delta to be larger than it was.  Being destitute of exact information upon the subject, the commissioners voluntarily elected to rely upon such general information touching the territory to be divided as they might possess or acquire, instead of ordering the proper survey to be made.  Acting upon this basis, they committed the alleged error whereby certain taxable property was erroneously accredited to Delta county.

The matters thus averred do not constitute such a mutual mistake of fact as will be corrected in equity.  The commissioners did not profess to know, nor did they claim to have determined, where the exact boundary lines ran.  In order to avoid the large expenditure resulting from a regular survey, they agreed for the purposes of settlement upon certain lines, well knowing at the time that they might be mistaken. There is no allegation that either party was guilty of fraud or bad faith.  The situation is analogous to those compromises where parties knowingly predicate a settlement upon uncertain or contingent matters or circumstances ; and where in case of mistake in the assumed fact or circumstance, courts of equity decline to interfere.

*Second.*  In reference to the exclusion of the grading outfits from the assessment of 1882.  The statute creating the new county directed, as we have seen, the apportionment of indebtedness in accordance with the ratio of taxable property in Delta to the entire taxable property of Gunnison before the separation " as shown by the assessment rolls of the year

of 1882." Thus, the assessment of a preceding year as evidenced by the completed and accepted rolls of the county of Gunnison was arbitrarily designated by the legislature as the basis of distribution of existing indebtedness. There may be serious doubt as to whether the boards of commissioners were given authority to reinvestigate the validity of this assessment and exclude items therefrom for the purposes of the adjustment they were engaged in making. The case of *Custer Co. v. Yellowstone Co.*, 6 Mont. 39, is quite similar in this respect to the one at bar, and is confidently relied on by counsel for plaintiff. Whether we would adopt the construction of a similar statute promulgated in that case will not now be determined. For, as we shall presently see, the Montana view if followed would not be decisive of the question before us.

It is not claimed that the grading outfits were not at the time of the assessment of 1882 in Gunnison county and within the territory afterwards apportioned to Delta. Hence, if this assessment was legal when made, the objection in relation thereto must fall, even if the right of the two boards to inquire into the same be conceded. For of course the fact, if it be a fact, that this property had at the time of the settlement been removed could in no way affect the proceeding. Section 3785, Mills' Ann. Stats., provides that " all personal property shall be listed (for taxation) in the county where it shall be on the first day of May of the then current year." Grading outfits consisting, according to the complaint before us, of utensils, horses, mules, plows, carts, wagons, etc., are personal property. Therefore the outfits in question were subject to taxation and, for aught appearing in the record, were legally assessed.

*Third.* This brings us to the third and last alleged mistake relied on by plaintiff, viz.: A grossly excessive allowance for the existing indebtedness of Gunnison county. The total liability was found at the time of the settlement to be $325,000. If, as a matter of fact, this amount is more than twice as large as it should be, it results that Delta county

has paid more than twice its proper proportion of the true obligation. The actual indebtedness was a matter that should have been capable of accurate ascertainment. There does not appear to have been any compromise estimate in this regard; when the commissioners of the two counties arrived at the figures designated, they undoubtedly believed in the correctness of their computation.

The complaint simply avers the fact of a mutual mistake in determining the indebtedness whereby plaintiff was injured, and that plaintiff was but recently apprised thereof. To warrant relief on the ground of mistake, the proof must undoubtedly be clear and convincing, and it may be unfortunate that the allegation in the complaint is substantially upon information and belief. But the documents and archives relating to the old municipal indebtedness were within the control of Gunnison county; the inspection of instruments and records, other than those to which the general public have access, was probably necessary to a thorough examination of the subject; plaintiff's facilities for obtaining positive information were, therefore, imperfect, and it may have been impossible to do so except through the medium of a judicial proceeding. Plaintiff should have stated why this important averment was upon information and belief. But under all the circumstances, we are not inclined to hold the failure so to do fatal. While the pleading in this regard is defective, we think it contains sufficient to require an answer.

Counsel for defendant incidentally remarks in argument that the "information" upon which plaintiff relies was probably received through decisions of this court holding that certain county warrants, issued by other counties in excess of the constitutional limit upon indebtedness, were void. If the two boards of commissioners acting conjointly under a misapprehension of law included void outstanding warrants to the amount of $200,000 which Gunnison has not paid, and settled accordingly, it is possible that equity might relieve Delta from the resulting injustice. For sometimes mistakes with reference to the antecedent private legal rights of a

party, the legal scope and operation of the specific transaction in hand being understood, are regarded in equity as analogous to mistakes of fact.   2 Pomeroy's Eq. Jurisp., sec. 849.   But it is unnecessary to further pursue this inquiry, and it must be distinctly understood that we do not now declare the present case to be within the equitable principle outlined by Mr. Pomeroy.

Whether the mutual mistake relied on be with reference to miscalculations in relation to debits or credits, or both, or whether it rest upon a mistaken view of antecedent private legal rights, a careful re-examination of accounts, receipts, vouchers and the like would be necessary.   For this and other reasons which we shall not pause to detail, a legal action, even if one could be maintained, would not furnish the facilities possessed by equity, and might prove grossly inadequate.

The judgment is reversed.

*Reversed.*